**Charlotte H. EDWARDS,
Plaintiff-Appellant,**

v.

**COMMONWEALTH OF KENTUCKY
REVENUE CABINET, DIVISION OF
COMPLIANCE AND TAXPAYER AS-
SISTANCE, Defendant-Appellee.**

No. 01–5096.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before CLAY and GILMAN, Circuit
Judges; WISEMAN, District Judge.*

*ORDER*

Charlotte H. Edwards, proceeding pro
se, appeals a district court judgment dis-
missing her civil rights suit construed as
filed pursuant to 42 U.S.C. § 1983. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Edwards filed
suit against the Kentucky Revenue Cabi-
net (Cabinet) on August 4, 2000, for violat-
ing her civil rights by allegedly revoking
her sales and use tax permit. The defen-
dant moved to dismiss for lack of subject
matter jurisdiction, and Edwards filed a
response. After careful consideration, the
district court granted the defendant's mo-
tion to dismiss, reasoning that the Elev-
enth Amendment barred the suit and that
abstention was also appropriate because of
ongoing state court proceedings.

* The Honorable Thomas A. Wiseman, Jr., Unit-
ed States District Judge for the Middle Dis-

trict of Tennessee, sitting by designation.

In her timely appeal, Edwards reasserts her claims.

■ Upon de novo review, we conclude that the district court properly dismissed the complaint for lack of jurisdiction. *See* Fed.R.Civ.P. 12(b)(1); *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). The Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has waived its immunity or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police et al.,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Thus, the Cabinet is immune from suit in federal court under the Eleventh Amendment because it is a Kentucky state agency. *See id.* at 100–01. Kentucky has not waived immunity in this action, nor has Congress overridden such immunity; thus, Kentucky is not subject to suit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.